# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES MICHAEL FARRELL, | : |
| Petitioner, | : Civ. No. 17-13585 (RBK) |
| v. | : |
| WARDEN ORTIZ, et al., | : **OPINION** |
| Respondents. | : |

**ROBERT B. KUGLER, U.S.D.J.**

James Michael Farrell ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a combined pleading against Defendants Warden Ortiz, Lieutenant Atkinson, the United States of America, and Bureau of Prisons ("BOP") Director "LNU" for: (1) a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and (2) a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). Petitioner's claims stem from his placement in the segregated housing unit and the conditions of his confinement. For the following reasons, this Court will dismiss Petitioner's pleading for failure to state a claim.

## I. BACKGROUND

Petitioner claims that, at all material times hereto, he was employed in the food service warehouse at FCI Fort Dix. (*See* ECF No. 1 at p. 4). On November 21, 2017, Petitioner alleges that Lieutenant Atkinson and other officers conducted a search of the warehouse and discovered numerous cell phones, chargers, and tobacco products. (*See id.* at pp. 6-8). After the search was completed, Petitioner and two other inmates were placed in the Special Housing Unit ("SHU") at FCI Fort Dix without due process. (*See id.* at p. 6).

Petitioner alleges that for the first two and a half weeks in the SHU, he and the two other inmates were housed in a two-man cell that was freezing cold and covered in mold and mildew. (*See id.* at p. 8). Petitioner claims that he was denied social visits, access to phones, recreation time, and access to property while in the SHU. (*See id.* at p. 9). Additionally, Petitioner alleges that he was taken to the shower in handcuffs while in the SHU. (*See id.* at p. 10).

Petitioner also claims that the BOP denied his request to use the law library on November 22, 2017. (*See id.* at p. 9). Additionally, Petitioner alleges that the BOP failed to send the first complaint he prepared in this matter to his wife for filing on November 24, 2017. (*See id* at p. 10). Petitioner further claims that he is being held in the SHU without "reasonable suspicion of involvement with any contraband or disciplinary offense." (*See id.*).

In Count One of the Petition, Petitioner asserts a violation of "the quality and condition" of his confinement under 28 U.S.C. § 2241. (*See id.* at p. 11). Petitioner does not allege that he lost good time conduct nor does he request earlier release from custody for relief. Instead, Petitioner seeks immediate release from the SHU. (*See id.* at pp. 11-12). In Count Two, Petitioner asserts a separate civil rights claim pursuant to *Bivens* alleging that the Defendants' conduct violated his First, Fifth, and Eighth Amendment rights and seeking monetary damages. (*See id.* at pp. 12-13). Petitioner further alleges that he did not exhaust his administrative remedies, as exhaustion would be futile. (*See id.* at p. 12).

## II. HABEAS CORPUS PETITION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S.

2

849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining habeas petitions may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action ... is properly brought under § 1983." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir.2002).

The Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration nor does he seek release from prison. Rather, Petitioner challenges the alleged unconstitutional treatment of him while in confinement – that is, his placement in the SHU. Because a finding in Petitioner's favor as to his condition of confinement "would not alter his sentence or undo his conviction," he must proceed by way of a civil rights action. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Zapata v. United States*, 264 F. App'x. 242 (3d Cir. 2008) (finding that district court lacked jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); *Ganim v. Fed. Bureau of Prisons*, 232 F. App'x 882, 884 (3d Cir. 2007) (inmate's claim that officials improperly denied request for transfer to another facility was not a cognizable habeas claim); *Bronson v. Demming*, 56 F. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint). Accordingly, the Court

will dismiss Petitioner's habeas claim and construe the pleading as a civil rights complaint pursuant to *Bivens.*

### III. CIVIL RIGHTS ACTION

The Prison Litigation Reform Act ("PLRA") requires a court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. 28 U.S.C. § 1915A(a). Specifically, the PRLA directs the court to screen the complaint for cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915A(b) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotation marks omitted).

**A. Sovereign Immunity**

Petitioner's claims for damages against the United States and the individual Defendants in their official capacities are barred under the Eleventh Amendment. Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A plaintiff cannot proceed in a *Bivens* action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, *see FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994), or against any of the individual Defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or

4

her official capacity is a suit against the government). Therefore, the Court will dismiss with prejudice Petitioner's claims against the United States and the individual Defendants in their official capacities.

## B. Fifth Amendment Due Process Claim

To the extent that Petitioner asserts that his placement in the SHU violated his constitutional rights, such a claim must be dismissed with prejudice. Inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). The Due Process Clause protects liberty interests created by the laws or regulations of a state. *See Sandin v. Conner*, 515 U.S. 472, 483 (1995). In *Sandin*, the Supreme Court held that "these interests will be generally limited to freedom from restraint" which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). Moreover, the Third Circuit has stated that "[b]eing classified to the highest security level in the SHU ... is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'" *Johnson v.*

5

*Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted)).

Here, Petitioner alleges that in November 2017 he was transferred to the SHU as the result of a search that yielded prohibited contraband. Petitioner has not alleged how long he will be held in the SHU. Petitioner's allegations, taken as true, do not lead to a plausible inference that his placement in the SHU imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Accordingly, Petitioner has not implicated a protected liberty interest. *See Robinson v. Norwood*, 535 F. App'x 81, 83 (3d Cir. 2013) ("Transfers from lesser to more restrictive units in a prison generally do not implicate a protected liberty interest because some incursions on liberty are to be expected within a prison."); *Johnson*, 339 F. App'x at 131 (affirming district court's *sua sponte* dismissal of inmate's complaint regarding his transfer to the SHU); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (plaintiff's complaint that he was kept in the SHU during the pendency of a ten-month internal investigation, and for ten weeks afterward, was not a cognizable constitutional claim); *Mackey v. Smith*, 249 F. App'x 953, 954 (3d Cir. 2007) (prisoner's placement in the SHU was within "the ordinary incidents of prison life" and thus did not violate his constitutional rights); *Moody*, 429 U.S. at 88, n.9 (prison officials have discretion over prison classifications and prisoners have no legitimate due process concerns in them).

Thus, Petitioner's substantive due process claim as a result of his placement in the SHU must be dismissed with prejudice. *See, e.g., Robinson*, 535 F. App'x at 84 n.3 (affirming dismissal of plaintiff's due process claim as a result of placement in the SMU); *Johnson*, 339 F. App'x at 131 (affirming district court's conclusion that granting leave to amend would have been futile because the complaint, as amended or supplemented, would fail to state a due process claim upon

which relief could be granted pursuant to § 1915(e)(2)(B)); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

### C. Eighth Amendment Conditions of Confinement Claim

"Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981) (holding that the Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes). To state a claim against a prison official for an Eighth Amendment violation, a prisoner must allege an objective and a subjective component. Namely, "(1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer*, 511 U.S. at 834); *see also Wilson v. Seiter*, 501 U.S. 294, 294 (1991).

A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as essential food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347-48; *Young v. Quinlan*, 960 F. 2d 351, 364 (3d Cir. 1992). The subjective component is satisfied where "the official has acted with 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 826. In other words, a prisoner must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

Here, Petitioner has failed to plead any facts which would satisfy the subjective component of a conditions of confinement claim. Namely, Petitioner fails to identify which prison official(s)

acted with deliberate indifference. Aside from alleging that Lieutenant Atkinson placed Petitioner in the SHU, Petitioner fails to allege that any of the named defendants knew of and disregarded an excessive risk to Petitioner's health or safety. Accordingly, any claim Petitioner means to assert for violations of his Eighth Amendment rights based on the conditions of his confinement is dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Brown v. United States*, No. 11-4421, 2014 WL 1407398, at *5 (D.N.J. Apr. 11, 2014) (discussing district court's previous *sua sponte* dismissal of Eighth Amendment conditions of confinement claim with prejudice after determining that plaintiff had failed to allege both the objective and subjective components).

**D. First Amendment Access to the Courts Claim**

A prisoner's First Amendment rights include a right of access to courts. *See Lewis v. Casey*, 518 U.S. 343, 349-56 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Abdul–Akbar v. Watson*, 4 F.3d 195, 202-03, 205 (3d Cir. 1993). Prisoners, however, do not have a constitutional right to conduct generalized legal research, "but only that they be able to present their grievances to the courts...." *Lewis*, 518 U.S. at 359. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Prisoners bringing access to the court claims "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* (citing *Christopher*, 536 U.S. at 416-

8

17); *see also Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (A plaintiff does not establish a constitutional violation when he establishes only that he had a "mere hope" that he would prevail on the underlying claim.). Furthermore, conclusory allegations that an inmate suffered prejudice will not support an access-to-courts claim. *See Duran v. Merline*, 923 F. Supp. 2d 702, 722-23 (D.N.J. 2013). As such, an access-to-the-courts claim will be subject to dismissal where "the Court [is] left to guess whether the suit had any merit." *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014).

Here, Petitioner has not provided sufficient facts to assert a claim for denial of access to the courts. Petitioner has failed to allege that he suffered any injury from the deprivation of his constitutionally protected right of access to the courts. Moreover, Petitioner's contention that the BOP denied him access to the courts is belied by the fact that he filed this civil action. Therefore, the Court finds that Petitioner cannot demonstrate that he suffered an actionable injury and his First Amendment claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the petition will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted. All claims against the United States of America and the individual Defendants in their official capacities will be dismissed with prejudice.

Because Petitioner cannot state a claim a claim for violation of a liberty interest as a result of his placement in the SHU, Petitioner's Fifth Amendment due process claim will be dismissed with prejudice. However, because it is conceivable that Petitioner may be able to supplement his pleading with facts sufficient to state an Eighth Amendment conditions of confinement claim and

First Amendment access to courts claim under *Bivens*, the Court will grant Petitioner leave to file an application to reopen accompanied by a proposed amended complaint.

An appropriate order will be entered.


DATED: April 16, 2018

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge