**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JAMES MICHAEL FARRELL, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 17-13585 (RBK) |
| | : | |
| v. | : | |
| | : | |
| WARDEN ORTIZ, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff, James Michael Farrell, is a federal inmate currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. Previously, this Court dismissed the portion of this action where plaintiff sought habeas corpus relief with prejudice. Furthermore, this court dismissed plaintiff's claims against the United States and the individual defendants in their official capacities with prejudice. Plaintiff's due process claim was also dismissed with prejudice. The remaining claims were dismissed without prejudice. Plaintiff was given the opportunity to file a proposed amended complaint that addressed the deficiencies of the original complaint. Plaintiff has now submitted a proposed amended complaint such that the Clerk will be ordered to reopen this case.

This Court must screen the amended complaint pursuant to 28 U.S.C. § 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the amended complaint will proceed in part.

## II.    BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening opinion. The amended complaint names two defendants: (1) Warden David Ortiz; and (2) Lieutenant Atkinson. Both defendants are being sued in their individual capacity.

Plaintiff was a member of the food service warehouse while incarcerated at F.C.I. Fort Dix. On November 21, 2017, Atkinson, along with other officers conducted a search of the warehouse which resulted in cellphones and other contraband being found. Ultimately, plaintiff was placed in the Special Housing Unit ("SHU") or "the hole."

Plaintiff alleges that for the first two-and-one-half weeks he was in the SHU, he was housed in a freezing two-man cell with walls that were covered with mold and mildew. There was no heat and cold air was rushed into the cells. Inmates were given two sheets and two thin blankets and were only clothed in short sleeve jumpers. Plaintiff states that it was so cold that he could not leave his bed except to retrieve food and go to the bathroom. Plaintiff states that Ortiz and Atkinson visited the SHU almost weekly and that plaintiff personally complained to these two defendants. According to plaintiff, "Ortiz acknowledged the [f]reezing conditions and cell wall mold but did nothing." (ECF No. 5 at 5).

Plaintiff states that he put in requests to visit the law library on November 22, 2017 and for "legal call." However, his requests were ignored.

Plaintiff also alleges he was denied social visits, access to property, access to phones and recreation time while housed in the SHU. Furthermore, plaintiff states that he was taken to showers in shackles and handcuffs three times a week. He states he suffered injuries to his wrists due to the handcuffs.

Plaintiff states that he spent fifty days in the SHU. (*See* ECF No. 5 at 19).

Plaintiff brings three claims in his amended complaint. First, he asserts a Fifth Amendment due process claim. Second, he brings an Eighth Amendment conditions of confinement claim against both defendants. Finally, plaintiff brings a First Amendment access to courts claim. Plaintiff seeks monetary damages in his amended complaint.

## III.    LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a complaint, the court must be mindful to construe it liberally in favor of the plaintiff.  *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).  The court should "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn there from, and view them in the light most favorable to the plaintiff."  *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

## IV.    DISCUSSION

Section 1983 of Title 42 created a remedy for monetary damages for those injured by persons acting under color of state law, but Congress did not create an analogous statute for

federal officials. Indeed, in the 100 years leading up to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens* based on a violation of the Fourth Amendment by federal officers. *See* 403 U.S. at 397. The Court extended the *Bivens* remedy twice more: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding prisoner's estate had *Bivens* remedy against federal jailers for failure to treat his asthma). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

The Supreme Court recently concluded in *Ziglar* "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. *Ziglar* created a funnel through which a plaintiff alleging constitutional violations by federal officials must pass. First, federal courts must determine whether the cause of action presents a "new context" for *Bivens* cases. If it does, courts must then determine whether alternative remedies exist. Finally, and most critically, courts must determine whether there are special factors counselling against extending the *Bivens* remedy to the new cause of action.

A. Eighth Amendment Conditions of Confinement

Plaintiff first attempts to bring an Eighth Amendment conditions of confinement claim against the two defendants. This Court previously explained what is needed to properly assert an Eighth Amendment claim as follows:

> "Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 825 (1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981) (holding that the Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments" on those convicted of crimes). To state a claim against a prison official for an Eighth Amendment violation, a prisoner must allege an objective and a subjective component. Namely, "(1) 'the deprivation alleged must be, objectively, sufficiently serious;' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Beers–Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer*, 511 U.S. at 834); *see also Wilson v. Seiter*, 501 U.S. 294, 294 (1991).
>
> A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities," such as essential food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347–48; *Young v. Quinlan*, 960 F. 2d 351, 364 (3d Cir. 1992). The subjective component is satisfied where "the official has acted with 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 826. In other words, a prisoner must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

*Farrell v. Ortiz*, No. 17-13585, 2018 WL 1871458, at *4 (D.N.J. Apr. 19, 2018).

Unlike the original complaint, plaintiff's amended complaint sufficiently alleges the subjective component against both defendants. Indeed, the amended complaint states that Ortiz and Atkinson visited "the hole" almost weekly, and that plaintiff orally made complaints about the conditions of the SHU.

The issue then is whether his allegations satisfy the objective component of an Eighth Amendment conditions of confinement claim. As one court in this District has noted:

> in *Wilson v. Seiter*, 501 U.S. 294, 304 (1991), the Supreme Court of the United States stated, albeit in dicta, that "a low cell temperature at night combined with a failure to issue blankets" could state a claim under the Eighth Amendment. Circuit courts that have considered the issue have found that "the right of a prisoner not to be confined in a cell at so low a temperature as to

cause severe discomfort and in conditions lacking basic sanitation"
is well established under the Eighth Amendment. *See Chandler v.
Baird*, 926 F.2d 1057, 1065–66 (11th Cir. 1991) (collecting circuit
court cases); *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987)
("An allegation of inadequate heating may state an eighth
amendment violation."); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th
Cir. 1980) ("a state must provide ... reasonably adequate
ventilation, sanitation, bedding, hygienic materials, and utilities
(i.e., hot and cold water, light, heat, plumbing)") (citations
omitted), *cert. denied*, 450 U.S. 1041 (1981).[9] A survey of the
opinions from various Circuit Courts of Appeals reveals that other
courts have also recognized that a prison official's failure to
provide relief from extremely high temperatures may constitute an
Eighth Amendment violation. *See Walker v. Schult*, 717 F.3d 119,
126 (2d Cir. 2013) ("[I]t is well settled that exposing prisoners to
extreme temperatures without adequate ventilation may violate the
Eighth Amendment."); *Graves v. Arpaio*, 623 F.3d 1043, 1049 (9th
Cir. 2010) ("The district court did not err ... in concluding that
dangerously high temperatures that pose a significant risk to
detainee health violate the Eighth Amendment."); *In Jones El v.
Berge*, 374 F.3d 541, 543-45 (7th Cir. 2004) (affirming a district
court's enforcement order requiring air-conditioning of plaintiffs'
cells during summer heat waves following "the plaintiffs
assert[ions] that they were subjected to extreme temperatures in
violation of the Eighth Amendment."); *Chandler v. Crosby*, 379
F.3d 1278, 1294 (11th Cir. 2004) ("[T]he Eighth Amendment
applies to prisoner claims of inadequate cooling and ventilation.").

*Obataiye v. Lanigan*, No. 14-5462, 2016 WL 5387626, at *12 (D.N.J. Sept. 26, 2016).

Plaintiff alleges that the defendants were aware of the conditions of plaintiff's

confinement but did nothing. This states with facial plausibility the subjective component.

Furthermore, plaintiff indicates he had to wear short sleeves and that while he was given

blankets, they were thin such that he had to spend almost all of his time while in his cell under

those blankets. *See, e.g.*, *Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) (finding

allegations sufficiently stated an Eighth Amendment claim where plaintiff alleged for two weeks

during frigid cold winter that he was subjected to extremely cold conditions when prison guards

ignored repeated requests to have window repaired); *Micenheimer v. Soto*, No. 13-3853, 2013

WL 5217467, at *5 (C.D. Cal. Sept. 16, 2013) (plaintiff's allegations of being forced to endure

cold temperatures for at least seven weeks when cell received no heat and continued to be

exposed to cold air from air conditioner and that he did not receive thermal bedding or thermal

clothing to protect himself from the cold sufficient at screening to show that exposure to cold

temperatures constituted a denial of the minimal civilized of life's necessities). Based on

plaintiff's allegations when considered in their totality, most notably plaintiff's freezing

temperatures allegations, plaintiff's Eighth Amendment claim will be permitted to proceed past

screening against both defendants.[1]

B. Fifth Amendment Due Process

      Plaintiff also attempts to bring both a substantive and a procedural due process claim

related to his placement and time in the SHU. This Court previously dismissed plaintiff's

substantive due process claim with prejudice in screening the original complaint. However, given

plaintiff's new allegations in his amended complaint, this Court will re-analyze his substantive

due process claim, as well as his newly raised procedural due process claim.

      This Court previously laid out what is required to properly allege a due process claim;

specifically:

> Inmates have "no legitimate statutory or constitutional entitlement"
> to any particular custodial classification even if a new
> classification would cause that inmate to suffer a "grievous loss."
> *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (citing *Meachum v.
> Fano*, 427 U.S. 215 (1976) ). The Due Process Clause protects
> liberty interests created by the laws or regulations of a state. *See
> Sandin v. Conner*, 515 U.S. 472, 483 (1995). In *Sandin*, the
> Supreme Court held that "these interests will be generally limited
> to freedom from restraint" which impose an "atypical and
> significant hardship on the inmate in relation to the ordinary
> incidents of prison life." *Id.* at 484.

---

[1] This Court expresses no opinion at this screening stage whether plaintiff can bring such a
*Bivens* conditions of confinement claim post-*Ziglar*.

> "In deciding whether a protected liberty interest exists under
> *Sandin*, we consider the duration of the disciplinary confinement
> and the conditions of that confinement in relation to other prison
> conditions." *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003)
> (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) ).
> "[C]onfinement in administrative or punitive segregation will
> rarely be sufficient, without more, to establish the kind of
> 'atypical' deprivation of prison life necessary to implicate a liberty
> interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002)
> (quoting *Sandin*, 515 U.S. at 486). Moreover, the Third Circuit has
> stated that "[b]eing classified to the highest security level in the
> SHU ... is not outside what a prisoner 'may reasonably expect to
> encounter as a result of his or her conviction in accordance with
> due process of law.'" *Johnson v. Burris*, 339 F .App'x 129, 131
> (3d Cir. 2009) (quoting *Fraise v. Terhune*, 283 F.3d 506, 522 (3d
> Cir. 2002) (citations omitted) ).

*Farrell*, 2018 WL 1871458, at *3.

Plaintiff alleges more than simply being transferred to the SHU to support his due process

claims. Indeed, allegations regarding the conditions of confinement while in the SHU could

amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." *See Sandin*, 515 U.S. at 484; *see also Austin v. Smith*, No. 15-525, 2018 WL

3611949, at *4 (W.D. Wis. July 27, 2018) (referring to previous screening order which noted that

plaintiff's Eighth Amendment and due process claims were closely intertwined). Accordingly, as

this action is only at the early screening stage, this Court will permit plaintiff's substantive and

procedural due process claims to proceed past screening.[2]

C.  First Amendment Access to Courts

Plaintiff also attempts to bring an access to courts claim against the two defendants. This

Court previously stated the law with respect to this claim as follows:

> A prisoner's First Amendment rights include a right of access to
> courts. *See Lewis v. Casey*, 518 U.S. 343, 349–56 (1996); *Bounds
> v. Smith*, 430 U.S. 817, 821 (1977); *Abdul–Akbar v. Watson*, 4

---

[2] As with plaintiff's Eighth Amendment claims, this Court expresses no opinion at this time on
whether plaintiff can bring such *Bivens* type claims post-*Ziglar*.

F.3d 195, 202–03, 205 (3d Cir. 1993). Prisoners, however, do not have a constitutional right to conduct generalized legal research, "but only that they be able to present their grievances to the courts...." *Lewis*, 518 U.S. at 359. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Prisoners bringing access to the court claims "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* (citing *Christopher*, 536 U.S. at 416–17); *see also Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (A plaintiff does not establish a constitutional violation when he establishes only that he had a "mere hope" that he would prevail on the underlying claim.). Furthermore, conclusory allegations that an inmate suffered prejudice will not support an access-to-courts claim. *See Duran v. Merline*, 923 F. Supp. 2d 702, 722–23 (D.N.J. 2013). As such, an access-to-the-courts claim will be subject to dismissal where "the Court [is] left to guess whether the suit had any merit." *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014).

*Farrell*, 2018 WL 1871458, at *4.

The amended complaint fails to plead with any facial plausibility an access to courts claim against the two defendants. Plaintiff fails to show that he lost the chance to pursue an arguable claim such that he has failed to show that he suffered from actual injury.[3] Therefore, plaintiff's access to courts claim will be dismissed without prejudice.[4]

---

[3] Plaintiff alludes to attempting to send a copy of this lawsuit to his wife so that it could be filed. However, such lawsuit never purportedly arrived. Nevertheless, plaintiff was ultimately able to file this lawsuit such that there is a failure to properly plead actual injury arising from the denial of access to courts to bring this lawsuit.

[4] Because plaintiff fails to state a claim related to access to court, this Court need not engage in an analysis of whether such a claim may be properly brought under *Bivens*.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's First Amendment access to court claim will be dismissed without prejudice for failure to state a claim. Plaintiff's remaining claims against the two defendants shall proceed past screening. An appropriate order will be entered.


DATED:  March 22, 2019                                           _s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge